1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBBARD, | Case No.  1:14-cv-00345-LJO-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JEFFREY E. LEWIS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at California State Prison, Corcoran, pursuant to a conviction sustained in 2011 for kidnaping, carjacking, armed robbery, criminal threats, and assault with a firearm.  He names the Clerk of the Kern County Superior Court as the respondent and complains that the Clerk has violated his due process rights by failing to file a habeas petition he had submitted.

### I.

### DISCUSSION

**A.      Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner

1    is not entitled to relief in the district court, the judge must dismiss the petition and
2    direct the clerk to notify the petitioner.

3    The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ

4    of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

5    dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

6    Cir.2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it

7    appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

8    440 F.2d 13, 14 (9th Cir. 1971).

9    **B.    Failure to State a Cognizable Federal Claim**

10         The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a)

11   states:

12        The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
13        entertain an application for a writ of habeas corpus in behalf of a person in
          custody pursuant to a judgment of a State court only on the ground that he is in
14        custody in violation of the Constitution or laws or treaties of the United States.

15   See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.

16         The instant petition fails to state a cognizable claim for relief.  Petitioner complains that

17   the Clerk of the Kern County Superior Court has failed to file his state habeas petition.  This

18   Court is without jurisdiction to review decisions of the state court clerk of what is and what is not

19   to be filed.  A federal district court is not invested with the power to compel performance of a

20   state court, judicial officer, or another state official's duties under any circumstances. Pennhurst

21   State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal

22   district court from ordering state officials to conform their conduct to state law).

23         The Court notes that Petitioner has an ongoing habeas action in Hubbard v. Corcoran

24   State Prison, Case No. 1:13-cv-01758-JLT-HC.  Normally, when a new petition is filed before

25   the adjudication of a previously-filed petition is complete, the new petition is treated as a motion

26   to amend the petition in the previously-filed action.  Woods v. Carey, 525 F.3d 886, 888-890

27   (9th Cir. 2008).  Here, however, the instant petition is wholly deficient in that there are no

28   cognizable claims for relief.  Therefore, it would be futile to construe the instant petition as a

proposed amended petition in the previously-filed petition.

The petition fails to state a cognizable federal claim.  To the extent that any tenable claim for relief could be made if leave to amend were granted, it would concern the same subject matter that is already under consideration in the previously-filed petition.  Therefore, Petitioner is advised to seek relief for his claims in the previously-filed action.  The instant petition should be dismissed.

## II.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 1, 2014**

_____
UNITED STATES MAGISTRATE JUDGE